IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DAVID MICHAEL BISHOP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:25-cv-879-ECM |
| | ) | [WO] |
| EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

On November 4, 2025, David Michael Bishop ("Bishop"), proceeding *pro se*, filed this civil action asserting claims against Equifax Information Services, LLC ("Equifax") pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x. (Doc. 1). Shortly thereafter, a summons was issued and mailed with the complaint via certified mail to the care of "CT Corporation System." (Docs. 1-2, 8, 8-1, 9). On January 9, 2026, after consideration of Bishop's application for default, (doc. 12), the Clerk of the Court entered default against Equifax, (doc. 13).

Before the Court are Bishop's motion for default judgment, (doc. 11); motion requesting ruling on the motion for default judgment, (doc. 14); and evidentiary submissions, (docs. 11-1, 15). After careful review, and for the reasons explained below, the Court finds that service on Equifax was improper and, therefore, the Court presently lacks personal jurisdiction over Equifax. Consequently, the entry of default is due to be stricken, and the motion for default judgment is due to be denied without prejudice.

## I.  LEGAL STANDARD

The requirements for default judgment are well defined:

> When a party with the duty to plead or defend against a plaintiff's complaint for affirmative relief fails to do so within the required time, the clerk must enter the party's default. FED. R. CIV. P. 55(b).  The entry of default is a prerequisite to the Court's entry of default judgment. FED. R. CIV. P. 55. However, no party has a duty to plead or defend against a complaint until the party has been properly served or has waived service. *See* FED. R. CIV. P. 12(a)(1)(A).

*Smith v. Blithfield Dev., Inc.*, 2013 WL 12212546, at *1 (N.D. Ga. 2013).[1]  Therefore, if a defendant was improperly served, then the prerequisite to default judgment—entry of default—cannot duly occur.

Relatedly, "[s]ervice of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been [properly] served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Accordingly, "insufficient service of process on a party operates to prohibit a court from entering a default judgment against that party." *Rismed Oncology Sys., Inc. v. Baron*, 638 F. App'x 800, 805–06 (11th Cir. 2015); *cf. Nelson v. Adams USA, Inc.*, 529 U.S. 460, 467 (2000) ("[A] prospective party cannot fairly be required to answer a[] . . . pleading not yet permitted, framed, and served.").  Therefore, "when deciding a motion for default judgment, a court has an affirmative duty to evaluate whether it has personal jurisdiction over the defendant and may raise the issue *sua sponte.*" *Strange v. Nescio*, 2021 WL

---

[1] The Court here, and elsewhere in the Opinion, cites to nonbinding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

2

8945480, at *1 (S.D. Fla. 2021) (emphasis in original) (citing *System Pipe & Supply, Inc. v. M/V Victor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001)).  Federal courts must take this duty seriously because, "[a] judgment rendered in the absence of personal jurisdiction is void and without legal effect," *id.* (citing *Juris v. Inamed Corp.*, 685 F.3d 1294, 1335 (11th Cir. 2012)), and thus "[a] defendant may defeat subsequent enforcement of a default judgment . . . by demonstrating that the judgment issued from a court lacking personal jurisdiction." *Rash v. Rash*, 173 F.3d 1376, 1381 (11th Cir. 1999) (citations omitted).

Federal Rule of Civil Procedure 4(h)(1), which governs service on a corporation, provides as follows:

> [A] domestic or foreign corporation . . . must be served . . . (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant . . . .

Rule 4(e)(1) permits service by a method "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  And the term "delivering" in Rule 4(h)(1)(B) refers to personal service—hand delivery of the complaint and summons. *Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009) (per curiam) (affirming dismissal with prejudice on grounds of improper service where the plaintiff sent by certified mail a copy of the summons and complaint to the defendant corporation's registered agent).

## II.  DISCUSSION

As stated above, the attempted service in this case occurred via certified mail—not personal service—within Alabama for a case pending before a district court situated in Alabama. (*See* docs. 8, 9).  Because such service is not permitted under Rule 4(h)(1)(B), the Court must examine whether it was proper under Alabama law and therefore proper pursuant to Federal Rules of Civil Procedure 4(e)(1) and 4(h)(1). *See Johnson v. Champions*, 2013 WL 275957, at *2 (S.D. Ala. 2013).

Alabama Rule of Civil Procedure 4 permits service by certified mail on a corporation but requires that the "addressee shall be a [specific] person," "an officer, a partner (other than a limited partner), a managing or general agent, *or any agent authorized by appointment or by law to receive service of process*." ALA. R. CIV. P. 4(c)(6), (i)(2)(B) (parenthetical in original) (emphasis added).  Here, the summons and complaint were addressed to the care of "CT Corporation System." (Doc. 8-1; doc. 9 at 1).  However, according to Alabama Secretary of State Business Entity Records, "CT Corporation System" is not the registered agent for Equifax Information Services, LLC.[2]  Accordingly, the attempted service on Equifax does not comply with Alabama Rule of Civil Procedure 4(i)(2)(B), and it therefore follows that service was not proper under Federal Rule of Civil Procedure 4, *see* FED R. CIV. P. 4(e)(1), 4(h)(1)(A).  And without proper service, Equifax had no duty to plead or defend, so the entry of default against it is due to be stricken. Additionally, due to the lack of proper service, the Court does not presently have personal

---

[2] CT Corporation System appears to have been a registered agent for a corporation "Equifax Services, Inc.," which no longer exists under that name and, in any event, is not a named party to this case.

jurisdiction over Equifax. *See Pardazi*, 896 F.2d at 1317. Without the prerequisite entry of default and personal jurisdiction, entering a default judgment is not appropriate. *See Baron*, 638 F. App'x at 805–06.

Nevertheless, rather than dismiss this case, the Court finds it appropriate to extend the deadline for service sixty days from the date of this Order. *See* FED. R. CIV. P. 4(m); *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005). Future service must comply with the Federal Rules of Civil Procedure and due process by providing "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950). To the extent that Bishop relies on a method of service permitted under state law as incorporated by Federal Rule 4(e)(1), that method must also comply with applicable state law. Consequently, Bishop's motion for default judgment is due to be denied without prejudice and with leave to file at a later stage after all applicable prerequisites, including proper service, have been satisfied.

### III. CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED as follows:

1.      The Clerk's entry of default (doc. 13) is STRICKEN;

2.      Bishop's motion for default judgment (doc. 11) is DENIED without prejudice and with leave to refile at a later stage;

3.      Bishop's supplemental motion requesting ruling on the motion for default judgment (doc. 14) is GRANTED to the extent that the Court has denied without prejudice the motion for default judgment (doc. 11).  The motion (doc. 14) is DENIED in all other respects;

4.      **On or before September 21, 2026**, Bishop shall effectuate service on Equifax and file proof of such service with the Court.

DONE this 23rd day of July, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE
